IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-51172
Summary Calendar

_____

CARRIE E. BEATY,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, Commissioner of Social Security,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-98-CV-436-HG
--------------------
August 21, 2000

Before JOLLY, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[1]

Carrie E. Beaty appeals the district court's judgment affirming the Commissioner of Social Security's denial of disability benefits. Beaty argues that there is no substantial evidence to support the Commissioner's decision. Having reviewed the entire record, we find that the decision was supported by substantial evidence and the proper legal standards were used in evaluating the evidence. See Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994); Ripley v. Chater, 67 F.3d 552, 555-56 (5th Cir. 1995).

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Beaty asserts that the ALJ found that she did not have a severe impairment prior to the expiration of her insured status on June 30, 1992. This assertion is incorrect. The ALJ specifically found that Beaty did have a severe impairment prior to June 30, 1992, but that her impairment did not preclude her from performing her past relevant work. Accordingly there is no merit to Beaty's contention that additional medical testimony was needed to establish that the condition existed prior to the expiration of her insured status.

Beaty also argues that the ALJ erred in discounting her complaints of pain. Contrary to this assertion, the ALJ considered the factors relevant to complaints of debilitating pain pursuant to 20 C.F.R. § 416.929. There is substantial evidence to support ALJ's finding that Beaty's testimony regarding her functional limitations and pain was not supported by the medical record and was not credible.

Beaty also asserts that the ALJ erred in determining that she had the residual functional capacity to perform her past relevant work as a waitress. Beaty has not supported this assertion by any argument citing to evidence in the record or case law. Accordingly, this issue has been abandoned. Fed. R. App. P. 28 (a)(9); Yohey v. Collins, 985 F.2d 222, 225 (5th Cir. 1993) ; Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.